## MYERS v. UNITED STATES et al.
### No. A–19068.

United States District Court
E. D. New York.
Jan. 25, 1949.

748

See also, D.C., 74 F.Supp. 154.

John I. Dugan, of Washington, D. C., for libellant.

J. Vincent Keogh, U. S. Atty, of Brooklyn, N. Y. (Martin J. Norris, Sp. Asst. to U. S. Atty., of New York City, of counsel), for respondents.

BYERS, District Judge.

Hearing on Exceptions to libel filed November 15, 1948.

The challenged pleading asserts two causes. Articles First to Tenth, inclusive, allege that libellant is entitled to penalty wages amounting to $11,967.35, under Title 46 U.S.C.A. §§ 596 and 597. Articles Eleventh to Fourteenth, inclusive, constituting the second alleged cause, aver that he became entitled to repatriation from Cabo Blanco, Peru, to New York, in the sum of $600.00.

It is stated that on or about September 27, 1946, at Buenos Aires, Argentina, "libellant signed articles for a voyage as third mate of the SS. 'Fort Christina' for the agreed wages of * * * ($247.50) per month, plus maintenance, and on other terms and conditions stated in such shipping articles". The contemplated voyage is not further described in connection with the ship's articles, but the libellant's services are said to have started on the day named.

It is possible to spell out that, while the ship was proceeding from Buenos Aires to New York, she stood into Cabo Blanco, Peru, which is something less than a direct course, and that prior to October 18, 1946, she was unseaworthy (apparently as to proper manning), by reason of which the respondents neglected to provide libellant with a safe place to work, but "fostered, encouraged and permitted such unsafe, drunken and chaotic conditions to exist, * * *, as to place libellant's life and health in jeopardy despite repeated requests from libellant that reasonable order, discipline and safety be provided * * *", and as a result, on arrival at Cabo Blanco on October 18, 1946, "libellant, fearing for life and limb, was forced to seek refuge ashore".

It was conceded on argument that the deposit of $177.65 wages earned (as alleged) by libellant, was paid by respondents to the United States Coast Guard Shipping Commissioner in New York, pending a determination of whether libellant deserted the ship at Cabo Blanco, as her owner asserts. That issue, which seems to arise under Title 46 U.S.C.A. § 701, is to be determined in litigation now pending in the Southern District. Obviously, if it goes against the libellant, this cause will fall.

In the meantime, the respondent United States of America excepts to the libel on several grounds:

1. The suit, which is under the Suits in Admiralty Act, 46 U.S.C.A. § 741, or Public Vessels Act, 46 U.S.C.A. § 781, was brought more than two years after the alleged cause of action arose. Section 745.

Assuming for argument that there was no desertion at the Peruvian port, then it is the delay in the payment of wages earned up to October 18, 1946, for which the penalty wages could be exacted. The claim therefor arose on that day (or two days later, § 596). Clearly it arose prior to October 23rd, or some three weeks or so more than two years before November 15, 1948.

The libellant argues that the two year period must be computed from the completion of the voyage to New York, which occurred on November 27, 1946.

If the libel is to be construed so as to allege that such was the voyage for which the libellant signed, it does not follow that his claim for penalty wages is governed by a different rule than for straight wages. It was his act in leaving the ship that gave rise to the latter, and delay, if such there was, in making payment is the subject of statutory enhancement whereby the wages measure the penalty; this means that the asserted cause for penalty wages arose with the failure to pay the straight wages, and more than two years having elapsed since the latest date when the penalty wages could have accrued, the statutory bar effectively disposes of the libellant's cause.

This Exception is sustained.

2. It is urged that the cause must be dismissed as against Pacific Tankers, Inc., the operating agent for the Government. In the absence of any allegation such as is discussed in Gaynor v. Agwilines, Inc., 3 Cir., 169 F.2d 612, at page 616, this Exception must be sustained and the motion must be granted, Shilman v. United States of America, 2 Cir., 164 F.2d 649, certiorari denied 333 U.S. 837, 68 S. Ct. 608.

3. The libel fails to allege the filing of a claim under the Clarification Act, Title 50 U.S.C.A.Appendix, § 1291(a).

Seemingly the statute contemplates such a filing, and appropriate administrative dealing therewith, since enforcement of such a claim, following administrative disallowance, shall be "pursuant to the provisions of the Suits in Admiralty Act".

The omission of an appropriate allegation cannot be ignored, as it points to a necessary step which must be taken to give the libellant access to the Court under the statute upon which he relies. The Exception is sustained, with permission to amend the libel in this respect, if such a claim has indeed been filed and disallowed.

4. Improper venue.

This has been cured by appropriate amendment to the libel pursuant to motion which was not opposed; therefore the Exception is now overruled.

5. Laches.

It is true that the libellant has been so leisurely in the making of his claim that it is possible that the United States may be embarrassed in assembling proof concerning the alleged desertion, but this is not a subject for satisfactory disposition on the hearing of Exceptions, but rather for consideration on final hearing. In the Admiralty, a wage claim is of the highest rank, and should not be summarily dismissed for mere delay, unless the requirements to that end are plain and compelling.

This Exception is overruled.

6. Finally, the Court is asked to dismiss the libel against the ship, since the allegation of Article First is of ownership on the part of the United States of the S.S. Fort Christina, which is exempt from arrest or seizure by the terms of the statute, Title 46 U.S.C.A. § 741. There is no attempt by libellant even to argue so obvious a matter, and this Exception is sustained.

Settle order in accordance with the foregoing.